**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gustavo E. Almaguer,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-20-01010-PHX-DLR<br><br>**ORDER** |

At issue is the denial by the Social Security Administration ("SSA") under the Social Security Act ("the Act") of Plaintiff Gustavo Almaguer's Application for Supplemental Security Income benefits. Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 14, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 17, "Def. Br."), and Plaintiff's Reply (Doc. 18, "Reply"). The Court has reviewed the briefs and Administrative Record (Doc. 13, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision (R. at 32–51) and remands this case for further proceedings.

**I.    BACKGROUND**

On September 13, 2016, Plaintiff filed an application for Supplemental Security Income benefits alleging disability beginning December 30, 2001. (*Id*. at 35.) Plaintiff's claim was denied initially on December 6, 2016, and on reconsideration on May 30, 2017.

(*Id*.) Plaintiff appeared before the ALJ for a hearing on his claim on March 27, 2019. (*Id*.) On April 3, 2019, the ALJ denied Plaintiff's claim, and on March 24, 2020, the Appeals Council denied Plaintiff's Request for Review (*Id*. at 2–7, 44.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease, hypoglycemia, degenerative joint disease of the shoulder, obesity, and depression. (*Id*. at 37.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled from the date the application was filed. (*Id*. at 43.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id*. at 38.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding Plaintiff:

> [H]as the [RFC] to perform light work . . . with the following limitations: [He] must use a cane to ambulate on uneven terrain. [He] must alternate from sitting to standing up to twice an hour. [He] can never climb ladders/rope/scaffolds; can occasionally climb ramps/stairs, kneel, crouch or crawl; and can frequently bilaterally reach, balance or stoop. [He] can have occasional exposure to unprotected heights. Finally, [he] can perform simple repetitive routine tasks.

(*Id*. at 39.) Accordingly, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." (*Id.* at 42.)

## II.   LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the

record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ typically follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff raises two issues for the Court's consideration. First, Plaintiff argues that the ALJ erred by rejecting his symptom testimony without sufficient justification. (Pl. Br. at 11–15.) Plaintiff further argues that his improperly rejected testimony establishes his entitlement to disability benefits. (*Id.* at 15.) Second, Plaintiff argues that the ALJ erred by failing to consider a medical opinion from his treating physician, Dr. Daniel Chung. (*Id.* at

15–19.) Plaintiff argues the ALJ rejected Dr. Chung's opinion by ignoring it, and that, if accepted, Dr. Chung's "assessed limitations [] would require a finding of disability." (*Id.* at 16–17.)

The Court finds that substantial evidence does not support the ALJ's nondisability determination. The ALJ reasonably rejected Plaintiff's symptom testimony because it was inconsistent with Plaintiff's improvement with treatment, his conservative treatment, and the objective medical evidence. Nevertheless, the ALJ erred by failing to consider Dr. Chung's treating physician opinion. Accordingly, the Court concludes that Plaintiff's case must be remanded for a new hearing so that the ALJ may consider Dr. Chung's opinion, and if necessary, obtain new relevant evidence.

**A.    Substantial evidence supports the ALJ's rejection of Plaintiff's symptom testimony.**

Plaintiff alleges that he is disabled because of back pain, issues with concentration and memory, an inability to sit or walk for long periods, and insomnia. (R. at 39–40, 330–38.) He also alleges that he requires a cane to walk. (*Id.* at 39, 76, 82–84.) The ALJ partially credited Plaintiff's allegations but determined that his "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 40.) The ALJ reached this conclusion for three reasons. First, the ALJ found that Plaintiff's allegations were inconsistent with his pursuit of only conservative treatment for his mental impairments. (*Id.* at 40.) Next, the ALJ found Plaintiff's pain improved with treatment. (*Id.* at 40–41.) Finally, the ALJ found Plaintiff's allegations were inconsistent with the objective medical evidence. (*Id.*)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v.*

*Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

Each reason the ALJ provided for rejecting Plaintiff's testimony was a permissible consideration and supported by substantial evidence. The ALJ reasonably determined that Plaintiff's allegations of disabling symptoms were inconsistent with his improvement, conservative treatment, and the objective medical evidence. Accordingly, the ALJ did not err in rejecting Plaintiff's symptom testimony.

The ALJ relied on several findings in the record that indicate Plaintiff's pain improved with treatment. As the ALJ noted, Plaintiff received injections and reported dramatic reductions in pain. (R. at 41, 532, 545, 549). The ALJ also found that, despite some lingering pain, Plaintiff reported that medication reduced his pain to a tolerable level. (*Id.* at 550.) A radiofrequency ablation procedure reduced Plaintiff's pain by 70%, and cervical medical branch blocks reduced his pain by 80%. (*Id.* at 744, 752–53.) The ALJ was permitted to consider whether Plaintiff improved with treatment, and the varying indications of improvement with treatment are substantial evidence supporting the ALJ's decision to discount Plaintiff's testimony. *See* 20 C.F.R. § 404.1529(c)(3)(iv)–(v); *see also Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). The Court rejects Plaintiff's argument that the ALJ did not identify findings consistent with sustained improvement. (Pl. Br. at 14–15.) Though perhaps some findings support Plaintiff's view of the evidence that his improvement was only partial and temporary, the ALJ's interpretation was a reasonable one, and thus, is entitled to deference. *See Thomas*, 278 F.3d at 954.

The ALJ also reasonably determined that Plaintiff's allegations regarding his mental impairment were inconsistent with his conservative treatment for that impairment. (R. at 40.) The ALJ was permitted to consider whether Plaintiff's treatment was conservative. *See Burch*, 400 F.3d at 681. Here, the ALJ found that Plaintiff had never been diagnosed with a psychiatric impairment and was not receiving mental health treatment. (R. at 40) Further, the ALJ noted that there are no treatment records from mental health professionals supporting Plaintiff's allegations. (*Id*.) Accordingly, the ALJ's reasonably determined that Plaintiff treated his mental impairment conservatively, and this finding supports the ALJ's rejection of Plaintiff's symptom testimony.

Finally, the ALJ properly determined that the objective medical evidence does not corroborate Plaintiff's allegations. (*Id*. at 40–41.) Though this could not be, and was not, the ALJ's sole basis for rejecting Plaintiff's allegations, it was a permissible one. *See Burch*, 400 F.3d at 682. The ALJ identified several objective medical findings in the record that undermine Plaintiff's allegations. (R. at 40–41.) An April 2016 MRI of Plaintiff's lumbar spine revealed no acute abnormalities. (*Id*. at 732.) An MRI of Plaintiff's cervical spine revealed no evidence of disc displacement, neuroforaminal narrowing, spinal stenosis, or acute cervical spine fracture. (*Id*. at 735.) An EMG of Plaintiff's lower extremities was normal. (*Id*. at 487.) The ALJ also noted that some records indicate that Plaintiff appeared for appointments without an assistive device. (*Id*. at 41, 737 ,753, 1919, 1923, 1927.) The Court rejects Plaintiff's arguments that the ALJ "fail[ed] to build a logical bridge between his conclusion that [Plaintiff]'s symptom testimony was inconsistent with the medical record." (Pl. Br. at 13.) The ALJ first explained that Plaintiff's symptoms were uncorroborated by the objective medical evidence, then reviewed Plaintiff's allegations, and finally identified the specific medical evidence relied upon. (R. at 40–41.) Thus, the Court finds the ALJ's analysis was sufficient to discount Plaintiff's testimony.

. . . .

. . . .

. . . .

**B.     The ALJ erred by failing to consider Dr. Chung's opinion.**

Plaintiff identifies an opinion from Dr. Chung, his treating physician, in his treatment records, which he argues the ALJ erroneously ignored. (Pl. Br. at 15–19.) On January 5, 2016, Dr. Chung recommended and prescribed a cane for Plaintiff. (R. at 619.) Following that visit, Dr. Chung's treatment records contain physical activity restrictions for Plaintiff under the "Plan" section of the records. (*Id*. at 619–20.) The activity restrictions indicate Plaintiff should not engage in pushing, pulling, lifting, and can only lift a maximum of 10 pounds occasionally. (*Id*.) These same restrictions also appear in the records for Plaintiff's visit with Dr. Chung on December 30, 2015. (*Id*. at 624.) Though the ALJ referenced Plaintiff's treatment with Dr. Chung, the ALJ did not mention Dr. Chung's opinion regarding Plaintiff's need for a cane and physical activity restrictions. (R. at 41.) This was error.

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, the ALJ erred by failing to consider Dr. Chung's treating physician opinion as required. Contrary to Defendant's arguments, this error was not harmless. (Def. Br. at 9–12.) Defendant's arguments focus on the ALJ's permissible rejection of evidence that was similar to Dr. Chung's opinions. (*Id*.) Defendant emphasizes that the ALJ rejected

Plaintiff's allegations that he requires a cane all the time, and that the ALJ credited the opinion of the consultative examiner who opined that Plaintiff does not require a cane at all times. (*Id.* at 9–10.) Defendant's argument misses the mark. Though the ALJ permissibly discounted Plaintiff's allegations, that does not mean the ALJ necessarily would have rejected Dr. Chung's opinions regarding partly similar restrictions. Nor does the ALJ's giving substantial weight to the consultative examiner's opinion indicate how the ALJ would treat an opinion that was not, in fact, considered. As the ALJ acknowledged, Dr. Chung is Plaintiff's treating physician. (R. at 41.) Perhaps his opinion would have been entitled to greater weight than Plaintiff's allegations of the examining physician's opinion. Moreover, the applicable law requires the ALJ to consider all medical opinions and allows for the possibility that a treating physician's opinion may be entitled to particular deference. *Tommasetti*, 533 F.3d at 1041; *Orn*, 495 F.3d at 632. Defendant also argues that Dr. Chung's opinion might not *be* an opinion since it appears under the "Plan" section of his notes and only appears in a few records. (Def. Br. at 11–12.) Defendant further argues that, even if Dr. Chung provided an opinion, it is internally inconsistent. (*Id.*) These arguments, too, miss the mark. These were not the ALJ's rationales for rejecting Dr. Chung's opinion since the ALJ did not consider the opinion at all. Thus, the Court will not sustain the ALJ's rejection of the opinion on bases the ALJ did not rely on. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th. Cir. 2009).

Undoubtedly, the ALJ's error here was understandable, even if not harmless. At Plaintiff's hearing the ALJ asked Plaintiff's counsel, Mr. Dirk, what the status was of any treating source opinions. (R. at 74.) Mr. Dirk informed the ALJ that he did not believe there were any. (*Id.*) Nevertheless, the ALJ was required to consider the treating physician opinion in the record and the failure to do so was reversible error.

**C.     The appropriate remedy is to remand Plaintiff's hearing for further proceedings.**

Plaintiff relies on the credit-as-true rule and argues that the appropriate remedy is to remand his case for computation and award of benefits. (Pl. Br. at 19.) Plaintiff argues that

Dr. Chung's assessed limitations would limit him to sedentary work at best, and if limited to sedentary work, then the medical vocational guidelines would mandate a finding of disability. (*Id.*)

The credit-as-true rule applies if each part of a three-part test is satisfied. *See Garrison*, 759 F.3d at 1020. First, the record must have been fully developed and further administrative proceedings would serve no useful purpose. *Id*. Next, the ALJ must have failed to provide sufficient reasons for rejecting the claimant's testimony or medical opinions. *Id*. Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id*. Even if all elements of the credit-as-true rule are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

Here, all the elements of the credit-as-true rule are not met, and the appropriate remedy is to remand Plaintiff's case for further proceedings. Though the ALJ failed to provide sufficient reasons for rejecting Dr. Chung's opinion and committed reversible error, further proceedings would serve a useful purpose. The record remains ambiguous as to whether the RFC the ALJ calculated is a true representation of Plaintiff's remaining work capacity or whether Dr. Chung's opinion might warrant additional functional limitations. Ultimately, further proceeding would be useful for the ALJ to consider Dr. Chung's opinion in the context of his treating relationship with Plaintiff and, if necessary, to invite the submission of new evidence that might inform the consideration of Plaintiff's case. Because further proceedings would be useful, the Court will not credit Dr. Chung's opinion as true and will remand Plaintiff's case for benefits.

## IV.     CONCLUSION

Substantial evidence does not support the ALJ's nondisability determination. Though the ALJ appropriately discounted Plaintiff's allegations of disabling symptoms, the ALJ erred by failing to consider the Dr. Chung's treating physician opinion. Because

further proceedings would be useful to resolve ambiguities in the record, the appropriate remedy is to remand Plaintiff's case for further proceedings.

**IT IS THEREFORE ORDERED** reversing the April 3, 2019 decision of the Administrative Law Judge (R. at 35–44), as upheld by the Appeals Council (R. at 2–7).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order. Specifically, on rehearing, the ALJ should consider any treating physician opinions contained in the record.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 9th day of June, 2021.

Douglas L. Rayes
United States District Judge